UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
DETROIT DIVISION

| | |
|---|---|
| JESSICA MONIQUE HILLS, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 2:17-cv-14207 |
| BLUESTEM BRANDS INC. d/b/a FINGERHUT, | DEMAND FOR JURY TRIAL |
| Defendant. | |

**COMPLAINT**

NOW comes JESSICA MONIQUE HILLS ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of BLUESTEM BRANDS INC. d/b/a FINGERHUT ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* and the Michigan Collection Practices Act ("MCPA") under M.C.L. § 445.251 *et seq.* for Defendant's unlawful practices.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Michigan and a substantial portion the events or omissions giving rise to the claims occurred within the Eastern District of Michigan.

## PARTIES

4. Plaintiff is a 34 year-old natural person residing at 6403 Barlum Street, Detroit, Michigan, which is located within the Eastern District of Michigan.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a catalog and online retailer offering household goods to customers on a nationwide basis. Defendant's principal place of business is located at 6509 Flying Cloud Drive, Eden Prairie, Minnesota, and it regularly conducts business with consumers in Michigan.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all time relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. Plaintiff obtained a line of credit through Defendant and eventually fell behind on her monthly payments, thus incurring debt ("subject consumer debt").

10. In approximately February 2016, Plaintiff began receiving calls to her cellular phone, (313) XXX-5031, from Defendant.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 5031. Plaintiff is and has always been financially responsible for the cellular phone and its services.

12. The phone number that Defendant has most often used when calling Plaintiff's cellular phone is (844) 761-0812.

13. Upon information and belief, the phone number ending in 0812 is regularly utilized by Defendant to contact consumers in Illinois during its debt collection activities.

14. When answering calls from Defendant, Plaintiff experiences a noticeable pause, lasting approximately five seconds in length, before she is connected with a live representative.

15. Upon speaking with one of Defendant's representatives, Plaintiff was informed that it was attempting to collect upon the subject consumer debt.

16. Plaintiff notified Defendant's representative that she was unable to make payment and demanded that Defendant stop contacting her.

17. Plaintiff has reiterated her demands on subsequent phone calls from Defendant, but despite Plaintiff's efforts, Defendant continued to regularly call her cellular phone through the spring of 2016.

18. Plaintiff has also told Defendant on a number of occasions that she was unable to answer her phone while at work, but yet, Defendant continued to contact Plaintiff during her work hours.

19. Defendant has placed multiple calls to Plaintiff's cellular phone during the same day, even after being told to stop.

20. For instance, on March 12, 2016, March 14, 2016, March 16, 2016, March 19, 2016, March 23, 2016, March 25, 2016, March 26, 2016, and March 29, 2016, Defendant placed at least 6 different phone calls to Plaintiff's cellular phone on each respective date.

21. Plaintiff has received not less than 113 calls from Defendant after asking it to stop calling her.

22. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding her rights, resulting in costs and expenses.

23. With the goal of specifically addressing Defendant's conduct, Plaintiff has spent approximately $71.00 to purchase and maintain an application subscription on her cellular phone to block the calls, resulting in pecuniary loss.

24. Plaintiff has been unfairly harassed by Defendant's actions.

25. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

27. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

28. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The noticeable pause, lasting approximately five seconds in length, that Plaintiff experiences during answered calls before being connected to a representative of Defendant is

4

instructive that an ATDS was being used. Similarly, the frequency and nature of Defendant's calls points to the involvement of an ATDS.

29. Defendant violated the TCPA by placing at least 113 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent Plaintiff *may* have given to Defendant was explicitly revoked by her multiple demands to cease contact.

30. The calls placed by Defendant to Plaintiff were regarding solicitation and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

31. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Defendant was made aware of Plaintiff's wishes a handful of times, yet, in defiance of Plaintiff's demands, Defendant continued to knowingly and intentionally place mass calls to her cellular phone.

WHEREFORE, Plaintiff, JESSICA MONIQUE HILLS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE MICHIGAN COLLECTION PRACTICES ACT

32. Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Plaintiff is a "consumer" or "debtor" as defined by M.C.L. § 445.251(1)(d).

34. Defendant is a "regulated person" as defined by M.C.L. § 445.251(1)(g) as it is a "person whose collection activities are confined and are directly related to the operation of a business other than that of a collection agency . . . ."

35. The subject consumer debt is a "claim" or "debt" as defined by M.C.L. § 445.251(1)(a).

### a. Violations of M.C.L. § 445.252(f)(ii)

36. The MCPA, pursuant to M.C.L. § 445.252(f)(ii), prohibits a regulated person from "[m]isrepresenting in a communication with a debtor . . . [t]he legal rights of the creditor or debtor."

37. Defendant violated M.C.L. § 445.252(f)(ii) by repeatedly contacting Plaintiff's cellular phone using an automated system absent consent. Through its conduct, Defendant misrepresented that it had the legal ability to contact Plaintiff using an automated system after Plaintiff demanded that Defendant stop calling. As such, Defendant misrepresented its legal rights, as well as Plaintiff's legal rights, by continuing to contact Plaintiff's cellular phone absent the lawful ability to do so.

### b. Violations of M.C.L. § 445.252(n)

38. The MCPA, pursuant to M.C.L. § 445.252(n), prohibits a regulated person from "[u]sing a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversations repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor."

39. Defendant violated the MCPA when it continuously called Plaintiff after being notified to stop and that its calls were inconvenient. In spite of Plaintiff's demands, Defendant systematically contacted Plaintiff at least 113 times. This repeated behavior was harassing and abusive, and the

6

frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

40. Defendant was notified by Plaintiff that its calls were inconvenient as she was at work. As such, Defendant contacted Plaintiff at times and places which were known to be inconvenient to her.

### c. Violations of M.C.L. § 445.252(q)

41. The MCPA, pursuant to M.C.L. § 445.252(q), subjects collection agencies to liability for "[f]ailing to implement a procedure designed to prevent a violation by an employee."

42. Defendant violated the MCPA by failing to adequately have procedures in place designed to prevent a violation by its employee. Plaintiff informed Defendant that she was unable to answer its phone calls while she was at work, but in defiance of this information, Defendant continued placing calls to Plaintiff's cellular phone during her work hours. Moreover, Defendant continued to contact Plaintiff even after she demanded that it stop contacting her. This demonstrates the lack of any procedures in place by Defendant wherein its employees would cease calling after becoming aware that its calls were unwelcome and inconvenient. As such, Defendant has failed to implement a procedure designed to prevent its employees from engaging in harassing, oppressive, or abusive methods in connection with its collection of debts.

43. Defendant's violations of the MCPA were willful. Defendant was notified by Plaintiff that she did not wish to receive any more phone calls. Yet, Plaintiff was still bombarded with collection phone calls from Defendant. In a willful manner, Defendant called Plaintiff repeatedly and continuously notwithstanding her demands. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Michigan, further demonstrating the willful failure to implement adequate procedures designed to prevent violations of the MCPA.

WHEREFORE, Plaintiff, JESSICA MONIQUE HILLS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief, pursuant to M.C.L. § 445.257(1).

c. Awarding Plaintiff actual damages, or three times actual damages, pursuant to M.C.L. § 445.257(2).

d. Awarding statutory damages of at least $50.00 and treble damages, pursuant to M.C.L. § 445.257(2).

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 445.257(2).

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 28, 2017                                Respectfully submitted,

s/ Ahmad T. Sulaiman
Ahmad T. Sulaiman, Michigan Bar No. P82149
Counsel for Plaintiff
Admitted in the State Bar of Michigan
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x124 (phone)
(630) 575-8188 (fax)
ahmad.sulaiman@sulaimanlaw.com

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

s/ Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x110 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com